IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

```
UNITED STATES OF AMERICA      *
                              *
       v.                     *    CR 208-002
                              *
JAMES E. WHITFIELD            *
```

**O R D E R**

Before the Court in the captioned criminal matter are two *pro se* motions filed by Defendant James E. Whitfield related to his recent sentence imposed upon revocation of supervised release. Defendant had originally been sentenced on September 16, 2008 to serve 137 months, consecutive to any sentence imposed upon revocation of his state probation term, upon his plea of guilty to possession of child pornography.  (Doc. No. 41.)  The Court also imposed a life term of supervised release.

Defendant came under the supervision of the United States Probation Office in this district for his supervised release term in 2018.  In August 2021, the Court issued an arrest warrant lodged as a detainer with state authorities upon Defendant's arrest for felon in possession a firearm and discharge of a firearm while under the influence of alcohol or drugs.  Defendant's federal revocation proceedings were conducted on January 19, 2022; he was represented by appointed counsel.  The Court revoked Defendant's term of supervised release and sentenced him to serve 14 months

imprisonment followed by another life term of supervised release. Defendant's term of supervised release will be subject to the special conditions listed in the Judgment and Commitment Order of January 21, 2022. (Doc. 73, at 4.)

On January 28, 2022, Defendant filed objections to the imposition of special conditions related to internet access and participation in a treatment program. Defendant's third objection seeks a modification from the condition that he not be in the presence of a minor to the condition that he not be in the presence of a minor without an adult.[1]

To the extent that Defendant believes that any of the special conditions are too harsh or are no longer necessary, the Court iterates that the conditions are in line with its considerations of the factors enumerated in 18 U.S.C. § 3553(a), particularly given the nature and circumstances of the offense, the history and characteristics of this offender, and the need to protect the public. To the extent that Defendant requires clarification of a particular condition, he should discuss the matter with his supervising probation officer once he is on supervised release. To the extent that Defendant requires specific excepted conduct,

---

[1] This challenged condition actually reads: "The defendant shall not have contact with anyone under the age of 18 *unless accompanied by a responsible adult*, approved by the probation officer, who is aware of the defendant's patterns of sexual abuse." (Doc. No. 73, at 4, ¶ 4 (emphasis added).)

2

he should again first discuss the matter with his supervising probation officer.

The standard and special conditions of Defendant's supervised release term comport with those that are typically imposed within and outside of this district. Defendant has not presented any basis for this Court to treat this offender any different than any other offender in similar circumstances. In short, Defendant Whitfield's objections to the Judgment of Revocation (doc. 74), without more specific evidence or justification and without prior conferral with his supervising probation officer, are hereby **OVERRULED**.

On February 14, 2022, Defendant filed a motion to have the time he has served in jail from the issuance of the arrest warrant credited against his federal sentence. At present, Defendant is serving time in the Chatham County Detention Center, presumably under state charges. "Authority to calculate credit for time served under [18 U.S.C. §] 3585(b) is vested in the Attorney General, not the sentencing court." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010) (cited source omitted). Here, Defendant is not in federal custody and thus, the BOP has not calculated his release date. Moreover, to the extent Defendant is dissatisfied with the BOP's computation of sentence, he must pursue the administrative remedy available through the federal prison before seeking judicial review. United States v. Roberson, 746 F.

3

App'x 883, 885 (11th Cir. 2018) (quoted source omitted). Thereafter, the federal prisoner may file a petition pursuant to 28 U.S.C. § 2241 in the *federal* district of his confinement. Id. In short, Defendant Whitfield's motion seeking credit for time served (doc. 77) is premature and misplaced; it is therefore **DENIED**.

Finally, Defendant seeks a recommendation that he serve his federal sentence at FCI Jesup (Georgia). Upon due consideration, it is recommended that Defendant Whitfield be designated to FCI Jesup, subject to capacity or any other regulation affecting such a designation.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of April, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA