IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA          *
                                  *
          v.                      *          CR 208-002
                                  *
JAMES WHITFIELD                   *

---

**O R D E R**

---

Defendant James Whitfield is currently serving a sentence of 14 months upon revocation of a supervised release period. His projected release date is August 7, 2023. On October 6, 2022, Defendant filed a motion asking that the Court "step in" and direct the Bureau of Prisons ("BOP") to release him to a Residential Reentry Center. (Doc. 107.)

Once a federal court has imposed a sentence, the BOP assumes legal authority over the offender. Only the BOP can designate the place of an inmate's imprisonment. See 18 U.S.C. § 3621(b). The Eleventh Circuit has stated that the BOP should be afforded wide discretion in classifying and housing prisoners. United States v. Ramdeo, 705 F. App'x 839 (11th Cir. 2017). Under 18 U.S.C. § 3624(c), the BOP may grant pre-release custody to an inmate, which would allow him to serve a portion of his federal sentence in the community, whether by home confinement or in a community correctional facility. The BOP considers five factors listed in 18 U.S.C. § 3621(b), as well as the guidelines in § 3624(c)(1), to make an individual determination on each inmate. One of the

factors relevant here is "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate."   18 U.S.C. § 3621(b)(4).

In this case, the Court set forth its reasons for the sentence imposed on the record at the sentencing hearing but did not make a recommendation on pre-release custody.   It is the Court's considered view that the BOP is much better positioned to evaluate the individual circumstances of an inmate to include his accomplishments, behavior record and other mitigating factors. Thus, the Court will not offer an opinion - one way or another - as to Defendant's suitability for pre-release custody.   The Court will leave this eligibility determination to the experienced discretion of the BOP.

Upon the foregoing, Defendant's motion for modification of sentence through judicial intervention (doc. 107) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of October, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA